**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4592**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

BILLY CHARLES BURGESS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
Chief District Judge.   (5:08-cr-00341-D-1)

Submitted: March 28, 2013              Decided:   April 1, 2013

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Neal Gary Rosensweig, NEAL ROSENSWEIG, P.A., Hollywood, Florida,
for Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Billy Charles Burgess pled guilty to receiving child pornography in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2012). The district court sentenced him to 258 months' imprisonment. Burgess appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Burgess' guilty plea was valid and whether the sentence imposed is reasonable. Burgess filed a pro se supplemental brief challenging the reasonableness of his sentence in light of the Government's motion for a downward departure due to his substantial assistance and asserting that trial and appellate counsel provided ineffective assistance. We affirm Burgess' conviction and sentence.

Because Burgess did not contest the Fed. R. Crim. P. 11 proceedings in the district court, we review his challenge to the validity of his plea for plain error. See Fed. R. Crim. P. 52(b); United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). We have reviewed the record and conclude that Burgess has not shown any plain error by the district court.

We review Burgess' sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United

2

States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

After review of counsel's sentencing challenge, Burgess' claim that the court failed to note on the record the specific allowance given for his assistance to the Government, and the remainder of the record pursuant to Anders, we conclude that the district court did not abuse its discretion in imposing sentence in this case. The district court properly calculated Burgess' advisory Guidelines range and heard argument from counsel and allocution from Burgess. The court also considered the § 3553(a) factors, explaining that a within-Guidelines sentence was warranted in view of the nature and circumstances

3

of Burgess' offense conduct and Burgess' history and characteristics. Although the court afforded Burgess some credit for his substantial assistance to the Government, the court noted Burgess' recidivism in exploiting children, the fact that he minimized his conduct and expressed no remorse for it, and the need to protect the public from his further conduct. The court determined that, even considering Burgess' assistance to the Government, a 258-month sentence was appropriate. Reviewing the reasonableness of this sentence, we defer to the district court's decision that this sentence achieved the purposes of sentencing in Burgess' case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), cert. denied, 132 S. Ct. 187 (2011). Burgess has failed to overcome the appellate presumption that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in imposing sentence.

Burgess avers that his trial and appellate counsel provided ineffective assistance. To establish ineffective assistance of counsel, Burgess must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). However,

4

claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Here, the record does not conclusively demonstrate that counsel was ineffective. As such, Burgess' claims are not cognizable on direct appeal; instead, he can bring these claims in a 28 U.S.C.A. § 2255 (West Supp. 2012) proceeding where he can further develop the record.

In accordance with Anders, we have examined the entire record in this case and have found no meritorious issues for review. Accordingly, we affirm Burgess' conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Burgess, in writing, of his right to petition the Supreme Court of the United States for further review. If Burgess requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time. Counsel's motion must state that a copy thereof was served on Burgess. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED